UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY LYNN ROUNTREE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0693-CVE-FHM |
| ) | |
| **JOHN SNOW, Secretary of the United States** ) | |
| **Department of the Treasury, and MARK W.** ) | |
| **EVERSON, Commissioner of the Internal** ) | |
| **Revenue Service,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Court Appointed Assistance of Counsel (Dkt. # 3). Plaintiff submits that he requires court appointed counsel because he lacks the resources to retain counsel, and the nature of the issues require additional assistance.

Although a criminal defendant is guaranteed assistance of counsel in proceedings against him, it is well-established that the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment. MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988); see also Caruth Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (collecting cases so holding). Plaintiff's reliance upon case law outlining a criminal defendant's entitlement to counsel is, therefore, inappropriate. Likewise, plaintiff is unaided by reference to legal precedent establishing a defendant's right to represent himself. It is presumed in this civil proceeding that if plaintiff fails to retain counsel, he will represent himself.

The Court may, however, appoint counsel to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). In deciding a party's motion for appointment of counsel, the Court considers (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the

claims; (3) the litigant's ability to present his claims; and (4) the complexity of the legal issues raised by the claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Having reviewed the complaint filed by plaintiff, the Court is unconvinced that his claims against Secretary Snow and Commissioner Everson have any merit. Plaintiff claims a violation of his right to due process under the Fifth Amendment to the United States Constitution. Specifically, plaintiff claims defendants attempted to collected taxes from him even after plaintiff notified defendant that he was exempt from the payment of income taxes. Plaintiff provides no real factual bases for these allegations, however. See Caruth, 683 F.2d at 1048 (noting that a court need not appoint counsel when it considers a party's chances of success to be extremely slim). Because plaintiff's complaint does not outline any of the facts surrounding his claim of constitutional violation, the Court is not in a position to make any statement as to the second factor for consideration in determining the appropriateness of appointment of counsel.

As to the third and fourth factors, the Court cannot find that plaintiff lacks either the ability to present his claims or to understand the legal issues presented in this matter. In fact, his complaint belies any suggestion that he lacks the ability to comprehend the nature of the case he advances. Plaintiff's complaint makes repeated reference to both state and federal case law and provisions of the federal constitution, making clear that plaintiff has, at least, limited knowledge of applicable law and how to access legal resources. While a trained legal representative might be better equipped to understand the nuances of the legal issues in this case, that alone cannot justify the appointment of counsel by this Court. In light of the foregoing, the Court denies plaintiff's motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (Dkt. # 3) is hereby **denied**.

**DATED** this 27th day of December, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT