UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY LYNN ROUNTREE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 05-CV-0693-CVE-FHM |
| **JOHN SNOW, Secretary of the United States Department of the Treasury, and MARK W. EVERSON, Commissioner of the Internal Revenue Service,** | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court for consideration is defendants' motion to dismiss (Dkt # 9) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's complaint alleges that defendants John Snow and Mark W. Everson deprived him of property without due process of law, as required by the Fifth Amendment to the United States Constitution, by imposing income taxes on revenue earned by plaintiff and levying against his property without notice and an opportunity to be heard. Plaintiff denies that he has earned income which would be subject to the provisions of the Internal Revenue Code. In his plea for relief, plaintiff asks the court to enjoin the named defendants from taxing his income without the opportunity for a hearing.

Defendants argue that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction on several grounds: (1) plaintiff may not sue the Secretary of the Treasury and Commissioner of the Internal Revenue Service in their official capacity; (2) the Internal Revenue Code ("IRC") prohibits individual taxpayers from bringing an action in federal court to enjoin the assessment or collection of any tax; and (3) plaintiff has failed to argue that a statutory exception

to anti-injunction provision of the IRC applies. Plaintiff failed to file a response to the motion to dismiss.

## I.

The IRC precludes taxpayers from prematurely filing civil claims in federal district court, until the prescribed administrative procedures have been completely followed. The IRC states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Instead, the IRC provides an administrative remedy for any taxpayer who wishes to protest the validity or amount of any tax assessment by the Internal Revenue Service ("IRS"). Before the IRS can engage in any action to enforce a tax lien or levy against a taxpayer's property, the IRS must provide notice of its intentions to the taxpayer and allow the taxpayer an opportunity to request a hearing, called a collection due process hearing ("CDP hearing"). See 26 U.S.C. § 6330(b). When a taxpayer requests a CDP hearing, the IRS must immediately halt all collection and enforcement activities until the IRS Office of Appeals rules on the taxpayer's claim. 26 U.S.C. § 6330(e). Once these procedures are completed, if the taxpayer is still displeased with the IRS's decision to assess a tax, the taxpayer can appeal the Office of Appeals ruling to the United States Tax Court or, in some cases, federal district court. 26 U.S.C. § 6330(d).

These procedures are the sole mechanism for a taxpayer to challenge a tax assessment by the IRS, unless the taxpayer wishes to pay his taxes before filing a claim for a tax refund in the district court. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1); United States v. Dalm, 494 U.S. 596, 1364-65 (1990). Dalm recognized that, under the doctrine of sovereign immunity, the United States can not

be sued by a taxpayer for a tax refund or to challenge a tax liability, unless the procedures of the IRC are followed. The administrative procedures outlined by 26 U.S.C. §§ 7421 and 7422 constitute an express but limited waiver of sovereign immunity for taxpayers to pursue their grievances against the United States. See Berrey v. Asarco, Inc., 439 F.3d 636, 643-44 (10th Cir. 2006). In this case, plaintiff has filed an action against the Secretary of the Treasury and the Commissioner of the IRS in their official capacities. Clearly established law dictates that this Court treat plaintiff's claim as if it had been brought directly against the United States. Louisiana v. McAdoo, 234 U.S. 627, 631-32 (1914) (lawsuit filed against the Secretary of the Treasury in his official capacity treated as a claim directly against the United States, because the effect of the relief sought would disrupt the functioning of the government and require payment from the United States Treasury); see also Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949) (lawsuit brought against federal officers treated as claim against the United States if the relief sought will be obtained from the sovereign entity, not the officer personally). The United States has not been named as a party, nor has it consented to suits brought by taxpayers except under the express conditions set out in 26 U.S.C. §§ 7421 and 7422.

Plaintiff may not continue with his claim against these federal officers in federal court but, upon dismissal of his claim, he may pursue the appropriate administrative relief to redress his alleged grievances regarding taxes assessed against him. It is not clear from plaintiff's complaint whether the IRS has merely assessed a tax or is in the process of collecting a tax liability. In either circumstance, the IRC provides an administrative procedure to provide plaintiff with due process to challenge the underlying tax liability or collection activity. The CDP hearing and right to judicial review of the administrative finding provide adequate procedures to address plaintiff's Fifth

Amendment due process concerns. <u>Olsen v. United States</u>, 414 F.3d 144, 150-51 (1st Cir. 2005) (CDP hearing instituted by congress to provide adequate procedural due process and opportunity for judicial review before IRS may levy against a taxpayer's property); <u>Living Care Alternatives of Utica, Inc. v. United States</u>, 411 F.3d 621, 624-25 (6th Cir. 2005) (same).  Plaintiff's complaint is therefore dismissed for lack of subject matter jurisdiction, as it is not within the power of this Court to adjudicate his claims.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 9) is **granted**, and plaintiff's complaint is **dismissed** for lack of subject matter jurisdiction.

**DATED** this 23rd day of May, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT