## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JERRY LYNN ROUNTREE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0693-CVE-FHM |
| | ) | |
| **JOHN SNOW, Secretary of the United States Department of the Treasury, and MARK W. EVERSON, Commissioner of the Internal Revenue Service,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court for consideration is plaintiff's Motion to Vacate Order and Opinion (Dkt. # 15) and plaintiff's Motion to Request Order for a Hearing (Dkt. # 14). Plaintiff claims he was not served with a copy of defendants' motion to dismiss (Dkt. # 9) and he requests a hearing to challenge defendants' motion. Pursuant to Fed. R. Civ. P. 59, plaintiff asks the Court to reconsider its previous ruling dismissing his case for lack of subject matter jurisdiction (Dkt. # 13) and to vacate that order.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within 10 days of the Court's order dismissing his case, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). In a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

The record does not support plaintiff's claim that he was not served. On April 12, 2006, the defendants filed a certificate of service (Dkt. # 11) separately from their motion to dismiss, and it stated plaintiff's correct address. The Court will treat the certificate of service as prima facie evidence that service occurred on the date listed on the certificate, unless plaintiff offers evidence to the contrary. Chesson v. Jaquez, 986 F.2d 363, 365 (10th Cir. 1993). Fed. R. Civ. P. 5(b) is clear that "service by mail is complete upon mailing." See United States v. Payne, 741 F.2d 887, 895 (7th Cir. 1984). Plaintiff's own statement that he was not served with a copy of the motion to dismiss is not enough to overcome the presumption that he received a copy of defendants' motion to dismiss by first class mail.

Even if the Court assumes that plaintiff did not receive a copy of defendants' motion, it would be futile to grant plaintiff a chance to respond. The Anti-Injunction Act contained in the Internal Revenue Code, 26 U.S.C. § 7421(a), clearly bars plaintiff's claim.[1] Plaintiff cites 5 U.S.C. § 702 and claims that this statute constitutes a waiver of sovereign immunity. However, this is simply the judicial review provision of the Administrative Procedures Act, and it specifically states that it does not "affect other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or [] confer[]

---

[1] The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421.

authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." The Anti-Injunction Act specifically prevents plaintiff from pursuing his claim in federal court, as it is exactly the type of express prohibition on judicial review contemplated by section 702.

In <u>Lonsdale v. United States</u>, 919 F.2d 1440 (10th Cir. 1990), the Tenth Circuit recognized a narrow exception to the Anti-Injuction Act, allowing a taxpayer to proceed in federal court if the taxpayer shows that "1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur." <u>Id</u>. at 1442. However, this exception can not be used to challenge the assessment or collection of a tax and the taxpayer bears the burden of proving an "explicit waiver of sovereign immunity." <u>Fostvedt v. United States</u>, 978 F.2d 1201, 1203 (10th Cir. 1992). Plaintiff is challenging his status as a taxpayer, which is simply another way of attacking the validity of a tax assessment. He does not make any allegations in his complaint or his motion to vacate which would permit the Court to hear his claim under the exception to the Anti-Injunction Act. Plaintiff must use the administrative remedies offered by the Internal Revenue Service to contest a tax assessment, as this Court does not have jurisdiction over his claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Order and Opinion (Dkt. # 15) is **denied**, and plaintiff's Motion to Request Order for a Hearing (Dkt. # 14) is **deemed moot**.

**DATED** this 5th day of July, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT